Filed 12/2/15  P. v. Lazcano CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051295 |
| v. | (Super. Ct. No. 13CF1721) |
| PEDRO LUIS LAZCANO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher Evans, Commissioner.  Dismissed.

Elizabeth Garfinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Pedro Luis Lazcano appeals from an order granting his motion to recall his felony conviction and reduce it to a misdemeanor. While the matter was on appeal, the trial court entered a further order correcting defendant's sentence, which granted defendant all the relief he sought by means of this appeal. Therefore, we will dismiss the appeal.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant pled guilty to one felony count of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and one misdemeanor count of possession of burglary tools (Pen. Code, § 466). Defendant also admitted one strike prior (Pen. Code, §§ 667, subd. (d) & (e)(1), 1170.12, subds. (b) & (c)(1)), and three prison priors (Pen. Code, § 667.5, subd. (b)).

At sentencing, the trial court struck the strike prior (Pen. Code, § 1385, subd. (c)) and the prison priors for sentencing purposes only. The court suspended imposition of sentence on the misdemeanor count of possession of burglary tools, and sentenced defendant to two years in prison on the felony controlled substance count. Defendant was awarded a total of 504 credit days. The court imposed a restitution fine of $280 pursuant to Penal Code section 1202.4, and a postrelease community supervision (PRCS) revocation restitution fine pursuant to Penal Code section 1202.45.

Defendant was released on PRCS. Less than two months later, defendant was arrested. Defendant was found to be in violation of his PRCS and was committed for 120 days in jail, with total credits of 98 days. Two months after his release, a warrant was issued for defendant's arrest for failure to report.

Defendant filed a petition to recall his felony conviction and reduce it to a misdemeanor, pursuant to Penal Code section 1170.18, subdivision (f), or to recall the

conviction, reduce it to a misdemeanor, and set the matter for resentencing, pursuant to section 1170.18, subdivision (a). In response, the People did not oppose defendant's petition, but argued that because he was still serving his sentence, subdivision (a), not subdivision (f), of section 1170.18 applied; the People did not agree to the sentence requested by defendant. The trial court granted the petition and ordered that the felony count be amended by interlineation as a misdemeanor, pursuant to section 1170.18, subdivision (a). A sentence of 365 days in county jail and one year of parole was ordered pursuant to section 1170.18, subdivision (d). Defendant was given a total of 365 days of credits. Defendant filed a timely notice of appeal.

While this case was on appeal, the trial court entered an order correcting defendant's sentence by changing defendant's sentence to 364 days, awarding defendant 28 months of credits, immediately discharging defendant from parole, deeming all fines to be paid in full, and vacating defendant's registration requirement under Health and Safety Code section 11590.

DISCUSSION

Defendant concedes that the issues raised by his appeal have been fully addressed by the trial court's order correcting defendant's sentence. Defendant has received exactly the result he sought on appeal. In response to this court's order requesting supplemental briefing as to whether the appeal should be dismissed based on the trial court's order correcting defendant's sentence, neither party has objected to dismissal and no other issues were presented by the appeal. We therefore exercise our discretion to deem the appeal abandoned and, accordingly, we dismiss. (See *In re Shigemura* (2012) 210 Cal.App.4th 440, 451, fn. 4.)

3

DISPOSITION

The appeal is dismissed.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


ARONSON, J.

4